Frank T. O'Hair and Fred Rhoads, partners, trading as O'Hair & Rhoads, Appellees, v. Oliver L. Watson, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Edgar county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916.

### Statement of the Case.

Action by Frank T. O'Hair and Fred Rhoads, partners, trading as O'Hair & Rhoads, plaintiffs, against Oliver L. Watson, defendant, for an attorney's retaining fee. From a judgment for plaintiffs for two hundred dollars, defendant appeals.

The defendant contended that no agreement for the payment of a fee was ever made and that, in any event, the plaintiffs should be denied a recovery because of their having represented other parties in the litigation, in which the fee was claimed to have been earned. The plaintiffs, while admitting that they had represented other parties, claimed that they did so only after their employment by the defendant had been terminated. The following instruction, given on behalf of the plaintiffs, was claimed to be erroneous:

"The court instructs the jury, that the plaintiffs claim in this case that they were employed by the defendant, in certain litigation which the defendant heretofore had, as his attorneys to represent him in such litigation, and that after such employment, the defendant, on his own account, settled and adjusted his litigation, and discharged the plaintiffs from further employment as his attorneys in such legal matters, and refused to pay the plaintiffs anything for retaining their services as attorneys in such legal matters. You are further instructed, that if you find from a

preponderance of the evidence, that the plaintiffs were practicing attorneys, and were employed by the defendant to perform legal services for him, and that the plaintiffs stood ready, willing and able to perform such services at all proper times when the same should have been performed, then the defendant would be liable to the plaintiffs for retaining their services in whatever amount you find from a preponderance of the evidence the retaining of the plaintiffs' services was worth.''

CHARLES S. McNETT, for appellant.

DYAS & DYAS and WALTER S. LAMON, for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 45*—*when stipulation for attorney's fee is not necessary.* A client who employs an attorney to conduct a litigation and later settles the litigation himself is liable to the attorney for a reasonable attorney's fee though there is no express stipulation that the fee is to be paid.

2. APPEAL AND ERROR, § 1629*—*when restriction of cross-examination is harmless error.* Restriction of cross-examination of witnesses who testified what would be a reasonable, ordinary and usual retainer for an attorney in a certain case, *held* harmless error, if error at all, where the verdict returned was for an amount less than half that testified to by such witnesses as being reasonable.

3. ATTORNEY AND CLIENT, § 137*—*when instruction as to client's liability for attorney's fee is correct.* An instruction as to a client's liability for an attorney's retaining fee approved.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.